UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

J & J SPORTS PRODUCTIONS, INC.,
    Plaintiff,

v.                                                                  Civil Action No. 3:13CV616

Prestige Lounge, LLC, *et al.*,
    Defendants.

## **MEMORANDUM OPINION**

The plaintiff J & J Sports Productions, Inc., ("plaintiff") filed suit against the defendant, Prestige Lounge, LLC, d/b/a MoFauzy's Lounge, ("defendant")[1] for damages arising from an unlicensed closed circuit broadcasting of "Star Power: Floyd Mayweather, Jr. v. Victor Ortiz, Championship Fight Program" including preliminary events ("Event") on September 17, 2011. The plaintiff claims damages under 47 U.S.C. §§ 553 and 605. The defendant failed to appear or answer the complaint and now the plaintiff moves for default judgment. The plaintiff asks for statutory damages, enhanced statutory damages, attorney's fees, and court costs. Upon review of the plaintiff's complaint, motion for default judgment, and supporting affidavits, the Court finds sufficient violations of 47 U.S.C. §§ 553 and 605 in the pleadings and enters default judgment against the defendant in the aggregate amount of $16,631.44.

### Jurisdiction

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. The plaintiff alleges violations of 47 U.S.C. §§ 553 and 605 which give rise to a federal question and prima facie jurisdiction of the federal courts.

---

[1] John Doe has not been identified and the Court will be making no decision concerning defendant John Doe.

Personal Jurisdiction

The defendant's place of business, located within the Eastern District of Virginia, gives the Court personal jurisdiction over the defendant in this proceeding.

Venue

A substantial portion of the events, the unlicensed broadcast of the Event, occurred in the Eastern District of Virginia making venue proper under 28 U.S.C. § 1391.

Service of Process

On September 17, 2013, the plaintiff properly served the defendant via the defendant's registered agent. Fed R. Civ. P. 4.

Default Judgment

When a properly served defendant makes no effort to appear or respond to the proceedings, the Court may grant a default judgment against the defendant. Fed R. Civ. P. 55(b)(2). Without a response, the Court considers all of the plaintiff's allegations admitted. *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). For the Court to rule on a default judgment it must find that the plaintiff sufficiently pleaded necessary facts to support the ruling. *Anderson v. Found. for Advancement, Educ. & Empl. of Am. Indians*, No. 99-1508, 1999 WL 598860 at *1 (4th Cir. 1999). The defendant was served on September 17, 2013, but has failed to respond. The Court therefore evaluates the sufficiency of the plaintiff's complaint.

Evaluation of Plaintiff's Complaint

The plaintiff alleges violations of 47 U.S.C. §§ 553 and 605. Both statutes apply when defendant uses both cable and satellite mediums to transmit and/or intercept broadcast

programing. *Int'l Cablevision v. Sykes*, 75 F.3d 123, 130-33 (2d Cir. 1996) (discussing legislative intent and the scope and use of sections 605 and 553).

The plaintiff first alleges that the defendant violated section 553 by receiving unauthorized communications from a cable source when it broadcast the Event. 47 U.S.C. § 553(a)(1). The plaintiff filed this claim as a "person aggrieved" which allows the plaintiff to sue in federal district court. 47 U.S.C. § 553(c)(1).

The plaintiff also alleges that the defendant's display of the event constituted the unauthorized publication of a radio or satellite communication and thus violated 47 U.S.C. § 605(a). Again, the plaintiff brings charges as an "aggrieved" person, which under 605 requires that the plaintiff have proprietary rights in the intercepted communication. 47 U.S.C. § 605(d)(6). The plaintiff established its proprietary rights via the licensing agreement of the Event, for which the plaintiff paid a substantial amount.

The Court holds that the plaintiff has sufficiently pleaded that the defendant received and/or intercepted without authorization the interstate broadcast of the Event and produced the Event for the defendant's customers.

## Factual Background

The plaintiff paid a substantial sum to obtain licensing rights to broadcast the Event for commercial purposes in the Commonwealth of Virginia. The plaintiff sublicensed the distribution rights to commercial establishments based upon their potential occupancy. If an establishment had occupancy between 1 and 100 persons the plaintiff charged $2,200 for the sublicense to broadcast the event; for every additional 1-100 persons the rate charged increased $2,000 (1-100 person capacity cost $2,200; 101-200 person capacity cost $4,200; 201-300 person capacity cost $6,200, etc.).

3

The Event was broadcast closed circuit with the signal scrambled. Viewing or broadcasting the Event required a code or an electronic device to unscramble the signal. The plaintiff provided this code or device to paying sub-licensers so they could play the Event in their establishments. The Plaintiff kept a list of paying sub-licensers who could legally view and broadcast the signal. The defendant was not on this list, as the defendant did not pay for a sublicense. The defendant did play the Event in its establishment on September 17, 2011, as established by the affidavit of the plaintiff.

Relief

The plaintiff has made an adequate showing of a violation of 47 U.S.C. §§ 553 and 605 and moves this Court for a default judgment. While the plaintiff has shown violations under both statutes, courts have precluded double recovery. *Vermont Microsystems v. Autodesk, Inc.*, 138 F.3d 449, 452 (2d Cir. 1998); *Sperry Rand Corp. v. A-T-O, Inc.*, 447 F.2d 1387, 1392-93 (4th Cir. 1971). Since the plaintiff has failed to specify under which statute it seeks relief, the Court analyzes the plaintiff's claim for relief under Section 605, since it offers a higher cap on awarded damages. *J & J Sports Productions Inc., v. New Horizon Group, Inc.*, 1:11CV122, Dk. No 17 (E.D. Va. June 20, 2012) (citing *Sykes*, 75 F.3d at 127). The plaintiff requests $10,000 in statutory damages, enhanced statutory damages[2] due to willfulness and commercial or private gain, full costs and expenses for the action including attorney's fees, and any other equitable relief the Court deems appropriate. When considering the complaint of an aggrieved person under Section 605, the Court has the discretion to grant an injunction as well as damages, but the Court must grant full court costs including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(i)-(iii). The Court has the discretion to grant actual damages plus profits or

---

[2] The plaintiff requested $100,000 in enhanced statutory damages in its complaint, but seemed to leave the matter within the sound discretion of the Court in its motion for default judgment.

4

statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Upon showing of a willful violation for commercial advantage, the Court may enhance the damages by an amount not to exceed $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

### Statutory Damages

Courts have used different methods for determining statutory damages. Typically courts have used flat fees, and per person rates. *See Joe Hand Promotions, Inc. v. Bougie, Inc.*, No. 109CV00590TSEIDD, 2010 WL 1790973, at *5 (E.D. Va. Apr. 12, 2010) (discussing using a flat fee versus a per person rate).

Courts have applied per person rates differently ranging from $50 to $250 per person. *Entm't by J&J, Inc. v. Mama Zee Rest. & Catering Servs., Inc.*, No. CV-01-3945(RR), 2002 WL 2022522, at *3 (E.D.N.Y. Jan. 16, 2007) (requiring defendant to pay $50 per patron); *Bougie*, 2010 WL 1790973, at *5 (requiring defendant to pay $100 per patron); *Joe Hand Promotions, Inc. v. Fofana*, No. 06 Civ.2099(RJH), 2007 U.S. Dist. LEXIS 58575, at *15–16 (S.D.N.Y. May 30, 2007) (requiring defendant to pay $250 per patron).

Courts applying the flat fee method have been equally diverse in their methods. *See Joe Hand Promotions Inc. v. Jimmagan's Inlet, Inc.*, No. 4:10-801-TLW-SVH, 2010 WL 5141768, at *5 (D.S.C. Oct. 1, 2010) (requiring defendant to pay five times the licensing fee for the event); *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) (awarding a flat $5,000 in damages); *J & J Sports Productions Inc. v. Lara Sport House Corp.*, 1:10CV1369-TSE-IDD, 2011 WL 4345114, at *6 (E.D. Va. Sep. 15, 2011) (awarding a flat rate of $2,200 based upon the licensing fee). The plaintiff has requested statutory damages of $10,000 to deter future piracy of its events. The plaintiff alleges neither the number of patrons present in the defendant's establishment nor the maximum occupancy of the establishment, and

as such, the use of a per person damage award is inappropriate in this case. The Court therefore grants an award of $3,500 in statutory damages, approximately one and one-half of the ordinary license fees.

## Enhanced Statutory Damages

The statute also provides a method allowing the courts to add additional statutory damages for willful violations commercially benefiting the offender. 47 U.S.C. § 605(e)(3)(C)(ii). The plaintiff alleges the violations constitute prima facie evidence of willfulness since the defendant needed a device or access code in order to play the Event. Courts have agreed with this analysis. A New York district court noted, "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Time Warner Cable v. Googies Luncheonette*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999); *see also Time Warner Cable v. Taco Rapido Restaurant*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997) ("In order for [defendant] to receive the closed-circuit broadcast, it had to have engaged in some deliberate act, such as using an unauthorized decoder or altering the cable service in some way so as to receive and view the scrambled transmission.").

The Court has the discretion to vary enhanced statutory damages from no additional damages all the way up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Courts have assessed enhanced damages for willfulness in a full range of amounts. *See J & J Sports Productions Inc., v. Great Latin Restaurants*, 1:11CV459, 2011 WL 5873071, at *6 (E.D. Va. Nov. 22, 2011) *(granting $100,000 in enhanced statutory damages); J & J Sports Productions Inc., v. New Horizon Group, Inc.*, 1:11CV1223-LMB-TCB, Dk. No 17 (awarding $5,000 in enhanced statutory damages). Courts have considered factors such as: "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to

plaintiff; defendant's advertising for the intended broadcast of the event; and defendant's requiring a cover charge or charging premiums for food and drinks." *Kingvision Pay-Per-View Ltd. v. Villalobos*, 554 F. Supp. 2d 375, 383 (E.D.N.Y. 2008). Courts have also considered percentage of capacity filled, *Lara Sport House*, 2011 WL 4345114, at *7, and total number of patrons, *see Great Latin*, 2011 WL 5873071, at *6. When considering damages for a first time violation, courts should not set damages so high that it would put the restaurant out of business. *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411(DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006).

The plaintiff does not present evidence that the defendant charged a cover fee for entrance or a premium for the food and drink, or that the defendant advertised or offended repeatedly. The affidavit of Joseph Gagliardi alleges that, due to the illegal nature of the event, the plaintiff could have used word of mouth advertising, but the Court cannot make judgments based on mere speculation of possibilities by the plaintiff. The plaintiff alleges substantial actual damages in the affidavit of Joseph Gagliardi, which details the millions of dollars in revenue the defendant loses from illegal piracy. The affidavit further alleges that piracy drives the price of licenses up for legal consumers. The plaintiff asks for substantial enhanced damages to help protect both itself and legal consumers. The defendant likely received monetary gains from additional patrons who came to view the Event. Based upon the above factors, this Court finds $11,000 in enhanced damages is appropriate. This amount is enough to deter future piracy without putting the defendant out of business.

## Attorney's Fees and Costs

The plaintiff asks the Court to grant costs and attorney fees amounting to $2,131.44. The plaintiff has submitted the affidavit of W. Brian McCann as evidence of work done and reasonable value of said work. Mr. McCann worked at a rate of $200 per hour, and spent 8.6 hours working on the case. The Court finds the hourly rate and number of hours to be reasonable. The total comes to $1,720 in attorney fees.

Additional costs requested amount to $411.44. These consist of $400 for filing fees, $8.60 for copying, and $2.84 in postage. These costs are reasonable.

The Court shall grant $2,131.44 in costs and reasonable attorney fees.

## Conclusion

The Court enters a default judgment in the aggregate amount of $16,631.44 against the defendant. This amount represents $3,500 in statutory damages, $11,000 in enhanced statutory damages, and $2,131.44 in costs and reasonable attorneys' fees.

The Court directs the Clerk to send a copy of this Memorandum Order to all counsel of record.

Date: <u>December 11, 2013</u>
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge